**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DALLAS BUYERS CLUB, LLC,**

    **Plaintiff,**

                                    CASE NO.:  6:14-cv-01011-RBD-GJK

**v.**

**MARGARET BRENNAN, a/k/a DOE 6,**

    **Defendant.**

_____ /

**PLAINTIFF, DALLAS BUYERS CLUB, LLC'S, MOTION
FOR ENTRY OF FINAL DEFAULT JUDGMENT AND
PERMANENT INJUNCTION AGAINST DEFENDANT,
MARGARET BRENNAN, AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Rule 3.01(a) of the Local Rules of the Middle District of Florida, Plaintiff, Dallas Buyers Club, LLC ("DBC"), moves for entry of a final default judgment against Defendant, Margaret Brennan, on the following grounds:

1. Defendant is in default for failure to file a response to the Amended Complaint or otherwise defend the action and the Clerk has entered a default. (Doc. No. 25)

2. Defendant is not an infant, nor is she believed to be an incompetent person. As evidenced by the Affidavit of Service filed in this action (Doc. No. 21), Defendant is not a member of the United States Military.

3. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction to prevent and restrain Defendant's infringement of Plaintiff's copyrighted motion picture, *Dallas Buyers Club* (the "Motion Picture").

4. As alleged in the Amended Complaint, Defendant's infringement of Plaintiff's copyrighted Motion Picture was intentional and willful. Amended Complaint, Doc. No. 18, paras. 8, 9, 22, 26, 30, 32, 36 and 38. Therefore, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to an award of statutory damages in an amount not to exceed $150,000.00.

5. Plaintiff incurred reasonable attorneys' fees in the amount of $2,395.00 and costs totaling $487.00 in this action. *See* Declaration of Richard E. Fee, attached hereto as Exhibit A, hereinafter "Fee Declaration." Such fees and costs are recoverable pursuant to 17 U.S.C. § 505.

6. Accordingly, the Court should enter a final default judgment against Defendant on the Amended Complaint.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Margaret Brennan as follows:

A. Permanently enjoining Margaret Brennan from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Picture that

Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control;

  B. Awarding to Plaintiff statutory damages in the amount of $150,000.00 pursuant to 17 U.S.C. § 504;

  C. Awarding Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

  D. Granting all such other and further relief as the Court deems proper.

## **MEMORANDUM OF LAW**

Pursuant to Rule 3.01(a), Local Rules of the United States District Court for the Middle District of Florida, DBC submits this, its Memorandum of Law, in support of Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction Against Defendant and requests the Court enter a final default judgment and permanent injunction against Defendant, Margaret Brennan.

Defendant's daughter, who was nineteen (19) years old at the time of service, was served with the Summons and Amended Complaint at Defendant's usual place of abode and advised of the contents of the document served on November 17, 2014. *See* Affidavit of Service, Doc. No. 21. Defendant was therefore properly served in accordance with § 48.031(1)(a), Florida Statutes. Defendant failed to respond to Plaintiff's allegations within the time specified by Rule 12(a), Federal Rules of Civil Procedure. Therefore, because Plaintiff has shown sufficient facts to establish

3

Defendant's liability and a clerk's default was entered on February 6, 2015 (Doc. No. 25), the Court should now enter final default judgment against Defendant.

Based on the actions of Defendant that led to the infringement by thousands of other individuals of Plaintiff's copyrighted Motion Picture, the Court should enter judgment for up to $150,000.00 in statutory damages plus $2,882.00 in attorneys' fees and costs to Plaintiff.

## I.    PROCEDURAL HISTORY

1. DBC is the owner of the copyrighted, mainstream Motion Picture. Amended Complaint, Doc. No. 18, paras. 21-24.  Plaintiff initially filed this action on June 26, 2014, against Defendant for direct copyright infringement and related claim of contributory infringement for illegally downloading and distributing the subject copyrighted work through the BitTorrent protocol.  Complaint, Doc. No. 1.

2. On November 10, 2014, Plaintiff filed its Amended Complaint, naming Defendant, personally, and alleging the same causes of action as those alleged in the Complaint.  *See* Amended Complaint, Doc. No. 18.

3. A summons was issued to Defendant on November 10, 2014 (Doc. No. 19), and served on her on November 17, 2014, informing her of this lawsuit and explaining that if she failed to respond with an answer or motion within 21 days, judgment by default will be entered against her.  *See* Affidavit of Service, Doc No. 21; s*ee also* Fee Declaration.

4. As of the date of this Motion, Defendant has not responded, either through an answer or a motion, to Plaintiff's Amended Complaint.

5.      On February 5, 2015, Plaintiff filed a motion requesting the Clerk of Court enter default against Defendant on the grounds that she failed to appear or otherwise respond to Plaintiff's Amended Complaint within the time prescribed by Rule 12(a), Federal Rules of Civil Procedure.  Doc. No. 23.  The Clerk of Court entered a default on February 6, 2015.  Doc. No. 25.  Because Defendant still has not responded, either through an answer or a motion, to Plaintiff's Amended Complaint, Plaintiff submits this motion for default final judgment against her.

**II.     ARGUMENT**

This section consists of five parts:

(1)     Part A sets forth the standard for default judgment;

(2)     Part B establishes Defendant's liability to Plaintiff;

(3)     Part C establishes Plaintiff's entitlement to collect statutory damages as a result of Defendant's actions; and

(4)     Part D establishes Plaintiff's entitlement to collect attorneys' fees as a result of Defendant's actions.

(5)     Part E sets forth the basis upon which Plaintiff is entitled to entry of a permanent injunction.

**A.     Standards for Default Judgment**

Rule 55, Federal Rules of Civil Procedure, provides the Clerk of the Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Upon entry of default, liability of the well-pleaded

5

allegations is established. *See Buchanan v. Bowman*, 820 F. 2d 359, 361 (11th Cir. 1987) (*citing Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)). "The effect of a default judgment is that the defendant '…admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Id.*

Once a party has been defaulted, a court may enter a default judgment. Rule 55(b), Federal Rules of Civil Procedure. If the facts alleged in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. *See Pope v. United States*, 323 U.S. 1 (1944). "Damages may be awarded only if the record adequately reflects the basis for the award via 'a hearing or a demonstration of detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F. 2d 1538, 1543-44 (11th Cir. 1985) (*citing United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

   **B.**  **Plaintiff Has Established Defendant's Liability**

Defendant is liable for Plaintiff's claims of direct copyright infringement and contributory copyright infringement. Plaintiff addresses each claim in greater detail below.

   **1.**  **Defendant is Liable for Direct Copyright Infringement (Count I).**

Plaintiff's pleadings establish Defendant's liability for direct copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements.

Regarding the first element, Plaintiff's Amended Complaint alleges that DBC, as the owner, holds the copyright registration on the Motion Picture, Copyright Registration Number PA 1-873-195. Amended Complaint, para. 23 and Exhibit A (Certificate of Registration) to the Amended Complaint.

A "certificate of registration made before or within five (5) years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (1977). Plaintiff's registration of its copyright meets this requirement and establishes prima facie evidence of a valid copyright. Amended Complaint, para. 23 and Exhibit A to the Amended Complaint.

Once Plaintiff produced the certificate of copyright, the burden shifted to Defendant to demonstrate why the claim of copyright is invalid. *Bateman v. Mnemonics, Inc.*, 79 F. 3d 1532, 1541 (11th Cir. 1996). Because Defendant failed to answer Plaintiff's Amended Complaint or otherwise respond, she failed to rebut this presumption.

Regarding the second element, Plaintiff's Amended Complaint alleges Defendant is a serial infringer of copyrighted content who, using her IP address, intentionally downloaded a torrent file particular to Plaintiff's Motion Picture (*see* Amended Complaint, para. 11), which provided her access to an unauthorized copy of Plaintiff's Motion Picture and used the BitTorrent protocol to initiate simultaneous connections with

hundreds of other users to "share" copies of digital media containing Plaintiff's Motion Picture. The BitTorrent program then coordinated the copying of Plaintiff's Motion Picture to Defendant's computer, which then made Plaintiff's Motion Picture immediately available to other individuals from Defendant's computer. *Id*., paras. 6-19.

Finally, Plaintiff alleged Defendant "…violated Plaintiff's exclusive rights of reproduction and distribution" and that her actions "…constitute infringement of Plaintiff's copyright and exclusive rights under copyright" and were "…willful, intentional, in disregard of and with indifference to the rights of Plaintiff". *Id*., paras. 34, 36.

Because Defendant is in default, the Court must accept these well-pleaded allegations as true. *See Nishimatsu*, 515 F. 2d at 1206; *see also Buchanan*, 820 F. 2d at 361. Based on Plaintiff's allegations, both elements for copyright infringement have been established. Plaintiff, therefore, has established Defendant's liability for direct copyright infringement.

2. **Plaintiff Has Established Defendant's Liability for Contributory Copyright Infringement (Count II).**

Plaintiff's Amended Complaint also establishes Defendant's liability for contributory infringement. The Eleventh Circuit states that contributory infringement arises when one, "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Casella v. Morris*, 820 F. 2d 362, 365 (11th Cir. 1987) (*citing Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F. 2d 1159, 1162 (2d Cir. 1971)).

8

Plaintiff alleged Defendant "…violated Plaintiff's exclusive rights of reproduction and distribution" when she participated in a BitTorrent swarm directed at making the Motion Picture available to herself and others (Amended Complaint, para. 40), and that by "…participating in the BitTorrent swarm with other persons, Defendant induced, caused or materially contributed to the infringement of Plaintiff's copyright and exclusive rights under copyright by other swarm members" (Amended Complaint, para. 41). Defendant's "…acts of contributory infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff." Amended Complaint, para. 42.

As such, Plaintiff has established Defendant's participation in the infringing activities of others is substantial and that she contributed to the infringing activity of thousands of other peers over the Internet across the world.  Plaintiff also has established Defendant had knowledge of the infringing activities, materially contributed to the infringement conduct of others and has established Defendant's liability for contributory infringement.

### C. Plaintiff is Entitled to Recover Statutory Damages as a Result of Defendant's Actions

The Copyright Act permits copyright owners to obtain statutory damages for the infringement of their copyrighted work. 17 U.S.C. § 504.   Entitlement to statutory damages applies to both claims of copyright infringement and contributory infringement. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F. 2d 829, 850 (11th Cir. 1990).  The copyright holder may seek "a sum of not more than $150,000" if the "infringement was committed willfully." 17 U.S.C. § 504 (c)(2).

Plaintiff sought actual or statutory damages in its Amended Complaint. Amended Complaint, pp. 9, 11 ("Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff.")

In the instant case, the infringement has been committed willfully. Defendant was aware or should have been aware of the infringement. Amended Complaint, para. 25 ("Defendant had notice of Plaintiff's copyright rights."); *id.*, para. 27 ("Plaintiff's Motion Picture is easily discernible as a professional work."); *id.*, para. 28 ("Defendant, without authorization, copied and distributed the audiovisual Motion Picture owned and registered to Plaintiff…"); *id.*, para. 30 ("Defendant republished and duplicated Plaintiff's Motion Picture in an effort to deprive the Plaintiff of its exclusive rights in the Motion Picture under the Copyright Act.").

Therefore, no reason exists for the Court to reduce the statutory damages of $150,000.00.

### D. **Plaintiff is Entitled to Recover Attorneys' Fees and Costs as a Result of Defendant's Actions**

The Copyright Act permits the Court to award "full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Awarding attorneys' fees addresses a goal of the Copyright Act - to discourage infringement - because it enables rights holders to vindicate or defend their rights. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Plaintiff sought attorneys' fees and costs in its Amended Complaint. Amended Complaint, pp. 9, 11

When awarding attorneys' fees under the Copyright Act, the Court must initially decide whether awarding attorneys' fees are appropriate, considering such things as the

motivation, objective reasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535.

Here, Defendant's actions demonstrate a blatant disregard for Plaintiff's rights by first committing the infringement, then failing to respond to numerous notices regarding her infringement. Additionally, Plaintiff has expended considerable amounts of time and money to create its copyrighted Motion Picture, and now, to protect it. Plaintiff has been severely and negatively impacted by the activities of Defendant and individuals she helped to reproduce and distribute Plaintiff's Motion Picture free of charge. Therefore, awarding Plaintiff attorneys' fees and costs is appropriate under the Copyright Act.

As a result of Plaintiff's prosecution of this case against Defendant, Plaintiff has incurred attorneys' fees and costs for which it requests their inclusion in the default judgment. *See* Fee Declaration, paras. 7-9. Specifically, Plaintiff requests $2,395.00 in attorneys' fees and $487.00 in costs. *Id.* Therefore, the Court should award Plaintiff costs and fees in the amount of $2,882.00.

### E. **Plaintiff is Entitled to Entry of a Permanent Injunction Against Defendant**

The Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate the following: 1) it has suffered an irreparable injury; 2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) the public interest would not be disserved by a permanent injunction. *Angel Flight of Ga., Inc. v.*

11

*Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

The well-pled allegations of the Amended Complaint establish each of the necessary elements for entry of a permanent injunction against Defendant. Defendant's use of BitTorrent to obtain an unlawful copy of the Motion Picture has allowed countless other BitTorrent users to be able to unlawfully obtain the Motion Picture, or portions thereof, from Defendant's computer "without degradation in sound or picture quality." Amended Complaint at paras. 14, 16, 19. Such widespread and uncontrolled infringement is, by its very nature, irreparable.

Plaintiff also lacks an adequate remedy at law. Because of the nature of BitTorrent, Plaintiff is unable to ascertain the complete harmful effect of Defendant's infringement, making other remedies at law, such as monetary damages, inadequate to compensate Plaintiff for injuries it has sustained and may sustain in the future due to Defendant's infringement.

The balance of the hardships and public interest also favor entry of a permanent injunction. Plaintiff will certainly continue to suffer damages, such as lost revenue, if Defendant is not permanently enjoined as requested by Plaintiff. Defendant, on the other hand, has not shown that she will suffer any hardship if permanently enjoined. Therefore, the balance of hardships factor also weighs in favor of Plaintiff. Finally, the public interest is advanced by the enforcement of federally protected copyrights and the prevention of unlawful copying of protected works such as Plaintiff's Academy Award-winning mainstream feature film.

13

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2015, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, and sent a copy, via U.S. Mail, to: Margaret Brennan, 2750 Ocean Shore Blvd., Apt. 11, Ormond Beach, FL 32176.

s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Catherine F. Yant
Florida Bar No. 104852
IP ENFORCEMENT LAW GROUP P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 490-6050
(813) 490-6051 (Facsimile)
rfee@IPEnforcementLaw.com
cyant@IPEnforcementLaw.com

Counsel for Plaintiff,
Dallas Buyers Club, LLC
